FILED
2016 JAN 28 PM 1:52
CLERK
U.S. DISTRICT COURT

Amy J. Oliver (8785)
olivera@sec.gov
Daniel J. Wadley (10358)
wadleyd@sec.gov
Cheryl M. Mori (8887)
moric@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, Utah 84101
Tel. 801-524-5796
Fax: 801-524-3558

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>RYAN L. COOK, an individual, and HELPMED, INC., a Utah Corporation;<br><br>DEFENDANTS;<br><br>and<br><br>RICHARD LARSEN, an individual, and RIAHCARD LARSEN d/b/a RICHARD AND PEGGY LARSEN FARMS,<br><br>RELIEF DEFENDANTS. | Case No.: 2:15cv00416- BSJ<br>Judge: Bruce L. Jenkins |

**DEFAULT AND FINAL JUDGMENT AS TO DEFENDANT HELPMED, INC.**

The Court having reviewed the Securities and Exchange Commission's ("Commission")

Motion for Default and Final Judgment against Defendant HelpMed, Inc. ("HelpMed" or "Defendant") and Memorandum in Support and good cause appearing makes the following findings of fact:

## FINDINGS OF FACT

1. In 2015, HelpMed, through its control person, Ryan L. Cook, made material misrepresentations or omitted to state material facts to investors, regarding, among other things, HelpMed's profitability, the number of clients retained by the company, and the degree to which clients used the company's software. Mot. Order Freez. Assets, ¶¶ 4, 15 ECF No. 5.

2. In reliance on these material misrepresentations, investors purchase $2 million of HelpMed stock from HelpMed's control person, Ryan L. Cook. *Id.* at ¶¶ 5,7.

3. HelpMed acted with a high degree of sceinter.

4. Investors suffered a loss of $1,974,250.

5. The prejudgment interest, as calculated using the IRS underpayment rate, on the amount $1,974,250 is $29,806.54.

6. The Commission filed a Complaint against HelpMed on June 12, 2015. Pl.'s Compl., ECF No. 2.

7. HelpMed waived service of the Complaint and on June 25, 2015; HelpMed's Waiver of Service was filed with this Court. Waiver of Service, ECF No. 15.

8. On September 28, 2015, the Clerk of the Court entered a Default Certificate against HelpMed. Default Certificate, ECF No. 21.

2

9. To date, HelpMed has failed to file a response to the allegations contained in the Commission's June 12, 2015 Complaint.

10. No stipulation for an extension of time was entered into between the Commission and HelpMed allowing HelpMed further time in which to respond to the Complaint.

11. HelpMed is not an infant or incompetent because it is an active Utah Corporation. Pl.'s Mot. Order Freez. Assets ¶ 1, ECF No. 5.

## **CONCLUSIONS OF LAW**

1. Defendant violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and

2. Defendant violated Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a).

It appearing that the Court has personal jurisdiction over the Defendant and subject matter and there being no just reason for delay:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant HelpMed is liable, jointly and severally with defendant Ryan L. Cook, for disgorgement of $1,974,250, representing profits gained as a result of the conduct alleged in the Complaint. With prejudgment interest thereon in the amount of $29,806.54, for a total amount owed equaling $2,004,056.54.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

5

this Court; HelpMed as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

In partial satisfaction of the ordered disgorgement, all funds frozen pursuant to the Order Freezing Assets entered by this Court on June 12, 2015 (ECF No. 6), shall be sent to the U.S. District Court for the District of Utah, 351 S. West Temple, Salt Lake City, UT, 84101, for application against the restitution ordered against Ryan L. Cook in *U.S. v. Cook*, 2:15-cr-00332.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $ _775,000_ to the Securities and Exchange Commission

pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; HelpMed, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __1/28/__, 2016

_____
UNITED STATES DISTRICT JUDGE